## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MAULIK SANGHAVI and MICHELLE
ROBALINO-SANGHAVI,

               Plaintiff,

        v.

NAVIENT CORPORATION, NAVIENT
SOLUTIONS, INC. f/k/a SALLIE MAE,
INC. and SLM CORPORATION,

            Defendants.

Civil No. 2:18-cv-00233

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
### NAVIENT CORPORATION AND NAVIENT SOLUTIONS, LLC

Defendants Navient Corporation ("Navient Corp.") and Navient Solutions,

LLC ("NSL") (incorrectly identified in the Complaint as "Navient Solutions, Inc.

f/k/a Sallie Mae, Inc.") (Navient Corp. and NSL collectively are the "Defendants"),

by and through their undersigned counsel, hereby answer the Complaint of

Plaintiffs, Maulik Sanghavi and Michelle Robalino-Sanghavi ("Plaintiffs"), and

assert defenses as follows:

### AS TO INTRODUCTION

1.     The allegations of this paragraph purport to summarize the Complaint,

a pleading which speaks for itself, and Defendants deny any inaccurate

characterization thereof. The allegations of this paragraph also constitute legal

conclusions to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

2.     Admitted only that NSL is a student loan servicer.  The remaining allegations of this paragraph are denied.

3.     Denied.

4.     This paragraph lacks any factual allegations directed to Defendants, and therefore, no response is required. To the extent this paragraph is deemed to contain factual allegations directed to Defendants requiring a response, Defendants respond as follows: Denied.

5.     Denied as stated. Further responding, NSL is the servicer of certain student loans made to Plaintiffs. Navient Corp. does not service any such loan. The terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

6.     The allegations of this paragraph purport to characterize student loans in general, consist of hypotheticals, and lack any allegations directed to Defendants specifically, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are

writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Any remaining allegations are denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

## AS TO PARTIES

13.     Admitted.

14.     Denied as stated. Rather, SLM Corporation ("SLM") was a publicly traded corporation that owned 10% or more of Sallie Mae, Inc. stock. SLM implemented an internal corporate reorganization that was completed on May 1, 2014. As part of the reorganization, SLM merged into a subsidiary of Navient Corporation. Navient Corporation is a publicly-traded Delaware corporation that now owns and operates Sallie Mae's legacy loan management, servicing and asset recovery business through its subsidiaries, including Navient Solutions, LLC (formerly known as Navient Solutions, Inc.).

15.     Denied as stated, for the reasons set forth in paragraph 14 above.

16.     Admitted only that NSL (formerly known as Navient Solutions, Inc.) is engaged in the business of servicing student loans. The remaining allegations of this paragraph are denied as stated, for the reasons set forth in paragraph 14 above.

17.     The first sentence of this paragraph is denied as stated, for the reasons set forth in paragraph 14 above. Further responding, it is admitted that NSL has an agreement with the United States Department of Education to service federal student loans.

18.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

19.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

20.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

21.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

22.    Upon information and belief, admitted.

23.    Upon information and belief, admitted.

## AS TO "JURISDICTION AND VENUE"

24.    The allegations in this paragraph are conclusions of law to which no response is required. Further responding, Defendants do not contest jurisdiction before this Court.

25.    The allegations in this paragraph are conclusions of law to which no response is required. Further responding, Defendants admit for purposes of this action only that they engage in business in the State of New Jersey.

26.    The allegations in this paragraph are conclusions of law to which no response is required. Further responding, Defendants do not contest venue before this Court.

## AS TO "FACTUAL ALLEGATIONS"

27.    Denied as to Navient Corp. It is admitted only that NSL engages in the business of servicing student loans. The remainder of this paragraph is directed to SLM, and therefore, no response from Defendants is required.

28.–29.    The allegations of these paragraphs purport to characterize the nature of the student loan industry generally. To the extent these paragraphs are deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

30.     Denied.

31.     Denied because Plaintiffs do not differentiate between Navient Corporation and NSL.

32.     The allegations of this paragraph purports to characterize the nature of the student loan industry generally, and lacks any allegations directed to Defendants specifically, and therefore, no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

33.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

34.     Denied.

**AS TO "I. Defendants are Financially Motivated to Maintain High Principal Balances For as Long as Possible to Boost Interest Income"**

35.     Denied.

36.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

37.     Denied.

38.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

## AS TO "II. Extra Payments Toward Principal Have a Significant Impact on the Duration and Total Cost of a Loan"

39.–42.     These paragraphs purport to characterize student loans in general and lack any allegations directed to Defendants specifically, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Any remaining allegations are denied.

43.–44.     The allegations of these paragraphs purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Any remaining allegations are denied.

45.–50.     These paragraphs purport to characterize student loans in general, consist of hypotheticals, and lack any allegations directed to Defendants, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Any remaining allegations are denied.

51.    It is admitted only that NSL is the servicer of certain student loans made to Plaintiff Robalino-Sanghavi. Defendants otherwise deny Plaintiffs' characterization of these loans. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Any remaining allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, they are deemed denied.

52.    It is admitted only that NSL is the servicer of certain student loans made to Plaintiff Sanghavi. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Any remaining allegations are denied. Defendants otherwise deny Plaintiffs' characterization of these loans. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

53.    Denied.

### AS TO "III. Defendants Deliberately Misapply Capitalized Interest, Extra Interest, and Fees"

54.    The allegations of this paragraph, in part, purport to characterize student loans in general and are not directed to Defendants, and therefore, no

response is required. The remaining allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

55.     The allegations of this paragraph purport to characterize student loans in general and are not directed to Defendants, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

56.     The allegations of this paragraph purport to characterize student loans in general and are not directed to Defendants, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

57.     Denied.

58.     It is admitted only that NSL is the servicer of certain student loans made to Plaintiff Robalino-Sanghavi. Defendants deny the remaining allegations of this paragraph.

59.     Denied as stated. Rather, NSL's records reflect that a student loan with an account number ending in 1312 in the original principal amount of $12,171.00 was disbursed to Plaintiff Robalino-Sanghavi on May 8, 2006 ("Loan 1312"), and that NSL services this loan. The remaining allegations of this paragraph purport to summarize NSL's website, a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

61.     Denied.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

63.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

64.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

65.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

66.    The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

67.    The allegations of this paragraph purport to summarize the terms of Plaintiff Robalino-Sanghavi's loan documents, writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

68.    The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

69.    Denied.

70.    It is admitted only that NSL is the servicer of two student loans made to Plaintiff Sanghavi with account numbers ending in 7483 ("Loan 7483") and 5114 ("Loan 5114"). Defendants deny the remaining allegations of this paragraph.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied as stated. Rather, NSL's records reflect that Plaintiff Sanghavi made payments on Loan 7483 from time to time between May 2011 and May 2012. NSL's records further reflect that no payment was received for Loan 7483 in

July 2011, November 2011, March 2012, or April 2012. NSL denies the remaining allegations of this paragraph.

76.   Denied.

77.   Denied.

78.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

79.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. All other allegations of this paragraph are denied.

80.   Denied.

81.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

82.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

83.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

84.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

86.     Denied.

87.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

## AS TO "IV. Defendants Systematically
## Misapply Extra Loan Payments to Interest"

89.     Denied.

90.     Denied.

91.     Denied.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

94.     The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

96.     Denied as stated. Rather, NSL's records reflect that in recent months, Plaintiff Sanghavi has typically remitted payments on Loan 7483 and Loan 5114 on or around the sixth day of each month, and that he has occasionally submitted payments on other dates as well. All remaining allegations of this paragraph are denied.

97.–105.     The allegations of these paragraphs purport to summarize Plaintiff Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

106.   Denied.

107.   Denied.

108.   Denied as stated. Rather, NSL's records reflect that in recent months, Plaintiff Robalino-Sanghavi has typically remitted payments on Loan 9668 and Loan 1312 on or around the fifth day of each month, and that she has occasionally submitted payments on other dates as well.

109.   The allegations of this paragraph, in part, purport to characterize loans in general and are not directed to Defendants specifically, and therefore, no response is required. Defendants deny the remaining allegations of this paragraph.

110.   The allegations of this paragraph, in part, purport to characterize loans in general and are not directed to Defendants specifically, and therefore, no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

111.   Denied.

112.   Denied. Further responding, the terms of Plaintiff Robalino-Sanghavi's student loans are set forth in the relevant promissory notes, which are

writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

113.   Denied.

114.–118.   The allegations of these paragraphs purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

119.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

120.   Denied.

121.   Denied.

122.   Denied as stated. Rather, NSL's records reflect that Plaintiff Robalino-Sanghavi made payments on Loan 9668 and Loan 1312 prior to June 2014. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, such allegations are deemed denied.

123.   Denied.

124.–127.   The allegations of these paragraphs purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

128.   Denied.

129.–136.    It is admitted only that NSL's records reflect that it received a call from Plaintiff Sanghavi on May 2, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs, and therefore, they are deemed denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   The allegations of this paragraph purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

141.   The allegations of this paragraph purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

142.   Denied.

143.   The allegations of this paragraph purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

144.   Denied.

145.   The allegations of this paragraph purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

146.   The allegations of this paragraph purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

147.   Denied.

148.   The allegations of this paragraph purport to summarize Plaintiff Robalino-Sanghavi's payment history, a written document that speaks for itself, and Defendants deny any inaccurate characterization thereof.

149.   Denied.

150.   The allegations of this paragraph also purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

151.   The allegations of this paragraph consist of a hypothetical, and therefore no response is required. The allegations of this paragraph also purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization

thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, NSL responds as follows: Denied.

152.   The allegations of this paragraph consist of a hypothetical, and therefore no response is required. The allegations of this paragraph also purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. Further responding, the terms of Plaintiff Robalino-Sanghavi's student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, NSL responds as follows: Denied.

153.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, such allegations are deemed denied. Further responding, the terms of Plaintiff Robalino-Sanghavi's student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain any remaining factual allegations requiring a response, NSL responds as follows: Denied.

### AS TO "V. Defendants' Repayment System and Customer Service is Designed to Impede Early Repayment and Discovery of Errors"

154.   Denied.

155.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which do not specify the dates of Plaintiffs' alleged communications with NSL, and therefore, they are deemed denied.

156.   The allegations of this paragraph purport to characterize Plaintiffs' promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

157.   Denied as stated. Rather, NSL is the servicer of two student loans made to Plaintiff Sanghavi, Loan 7483 and Loan 5114.

158.   It is admitted that NSL sent Plaintiff Sanghavi copies of the promissory notes for Loan 7483 and Loan 5114 by letter dated May 3, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which do not specify the dates of Plaintiff Sanghavi's alleged phone conversations with NSL, and therefore, they are deemed denied.

159.   Denied as stated. Rather, NSL is the servicer of four student loans made to Plaintiff Robalino-Sanghavi, Loan 1312, Loan 9668, Loan 1-10 DL, and Loan 1-11 DL.

160.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which do not specify the dates of Plaintiff Robalino-Sanghavi's alleged communications with NSL, and therefore, they are deemed denied.

161.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, such allegations are deemed denied.

162.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, such allegations are deemed denied.

163.   It is admitted only that NSL's records reflect that Plaintiff Robalino-Sanghavi submitted an Authorization to Release form using NSL's online portal. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, such allegations are deemed denied.

164.   Denied.

165.   The allegations of this paragraph purport to characterize NSL's website, which is a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to

contain factual allegations requiring a response, Defendants respond as follows: Denied.

166.   The allegations of this paragraph purport to characterize NSL's website and certain email communications, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

167.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, such allegations are deemed denied.

168.   The allegations of this paragraph purport to characterize NSL's website and certain email communications, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

169.   The allegations of this paragraph purport to characterize NSL's website and certain email communications, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

170.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

171.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

172.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

173.   It is admitted that NSL's records reflect that on July 19, 2017, Plaintiff Sanghavi called NSL on Plaintiff Robalino-Sanghavi's behalf to discuss her account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, such allegations are deemed denied.

174.   The allegations of this paragraph purports to characterize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

175.   The allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

176.   The allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization

thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, NSL responds as follows: Denied.

177.   Denied.

178.   The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

179.   Denied.

### AS TO "VI. Navient Hides the Ball"

180.   Denied.

181.   The allegations of this paragraph purport to characterize loans in general and are not directed to Defendants specifically, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

182.   The allegations of this paragraph purport to characterize loans in general and are not directed to Defendants specifically, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans are set forth in the relevant promissory notes, which are writings which speak for themselves,

and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

183.   Admitted only that NSL does not provide amortization schedules to borrowers. Denied that such schedules are required. Further responding, the remaining allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. All remaining allegations are denied.

184.   Denied.

185.   Denied.

186.   The allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

187.   The allegations of this paragraph purport to characterize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

188.   The allegations of this paragraph purport to characterize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

189.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

190.   The allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

191.   The allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

192.   The allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

193.   Denied.

194.   Denied.

195.   The allegations of this paragraph purport to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

## AS TO "VII. Navient's Monthly Statements are Deceptive and Misleading"

196.   Denied.

197.   The allegations of this paragraph purport to characterize a "typical mortgage statement" and are not directed to Defendants specifically, and therefore, no response is required. Further responding, the terms of Plaintiffs' student loans, which are not mortgage loans, are set forth in the relevant promissory notes. These promissory notes are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. All remaining allegations are denied.

198.   The allegations of this paragraph purport to characterize NSL's monthly statements, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

199.   The allegations of this paragraph purport to characterize NSL's monthly statements, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

200.   Denied.

201.   Denied.

202.   Denied.

203.   Denied.

204.   The allegations of this paragraph purport to characterize NSL's website, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to

contain factual allegations requiring a response, Defendants respond as follows: Denied.

205.   The allegations of this paragraph consist of a hypothetical, and therefore no response is required. The allegations of this paragraph also purport to characterize NSL's monthly statements, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

206.   The allegations of this paragraph purport to characterize NSL's monthly statements, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

207.   The allegations of this paragraph purport to characterize NSL's monthly statements, which are writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

208.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

209.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

210.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

211.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

212.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

213.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

214.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

215.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   The allegations of this paragraph appear to characterize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

221.   Denied.

222.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

223.   Denied.

224.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which concern unspecified and undefined "interim extra payments" allegedly made by Plaintiffs, and therefore, they are deemed denied.

225.   Denied.

## AS TO "VIII. Navient Promotes the Use of Cosigners,
## But Hinders Their Release as Promised"

226.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, such allegations are deemed denied.

227.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

228.   The allegations of this paragraph, in part, purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

229.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

230.   It is admitted only that Loan 5114 is a Smart Option Student Loan® and was disbursed in 2011. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

231.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

- 31 -

232.   Upon information and belief, it is admitted that Plaintiff Sanghavi's father is a cosigner on Loans 7483 and 5114. As to the remaining allegations of this paragraph, denied as stated. Rather, it is admitted that NSL's records reflect that, as of the date of this pleading, Loans 7483 and 5114 are current and that Plaintiff Sanghavi makes payments as required under the terms of the relevant promissory notes.

233.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

234.   Denied as stated. Rather, NSL's records reflect that on or about September 22, 2016, it received an application from Plaintiff Sanghavi to release the cosigner of Loans 7483 and 5114. Except as so admitted, Defendants deny the allegations of this paragraph.

235.   Denied as stated. Rather, NSL's records reflect that on or about September 22, 2016, it received an application from Plaintiff Sanghavi to release the cosigner of Loans 7483 and 5114. Except as so admitted, Defendants deny the allegations of this paragraph.

236.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations

requiring a response, Defendants respond as follows: It is admitted only that on or about September 22, 2016, NSL denied Plaintiff Sanghavi's application to release the cosigner of Loans 7483 and 5114. Except as so admitted, Defendants deny the allegations of this paragraph.

237.   Denied.

238.   The allegations of this paragraph consist of a hypothetical, and therefore no response is required. The allegations of this paragraph also purport to summarize a writings which speaks for itself, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

239.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

240.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

241.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

242.   Denied.

243.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which relate to an unspecified and undated phone conversation, and therefore, they are deemed denied.

244.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof. To the extent this paragraph is deemed to contain factual allegations requiring a response, Defendants respond as follows: Denied.

245.   Denied.

246.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

247.   Denied.

248.   Denied as stated. Rather, NSL's records reflect that on August 16, 2017, NSL received a call from Plaintiff Sanghavi regarding the status of a cosigner release application. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

249.   Denied as stated. Rather, NSL's records reflect that on August 16, 2017, NSL received a call from Plaintiff Sanghavi regarding the status of a cosigner release application, and that NSL instructed Plaintiff Sanghavi to resubmit

the application, which was not in NSL's records at that time. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

250.   It is admitted only that on or about August 17, 2017, NSL received an application from Plaintiff Sanghavi to release the cosigner of Loans 7483 and 5114. Further responding, the allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

251.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

252.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

253.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

254.   Denied as stated. Rather, NSL's records reflect that on or about August 17, 2017, NSL received an application from Plaintiff Robalino-Sanghavi to release the cosigner or one or more of her loans. Except as so admitted, Defendants deny the allegations of this paragraph.

255.   It is admitted only that on or about August 17, 2017, NSL approved Plaintiff Robalino-Sanghavi's application to release the cosigner of one or more of her loans, and sent confirming correspondence the following day. Further responding, the allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

256.   Denied.

## AS TO "IX. Navient's Office of the Customer Advocate is Merely an Imitation of Its Customer Service"

257.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

258.   Denied.

259.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

260.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

261.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

262.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

263.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi spoke with a representative of NSL on July 24, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

264.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi spoke with a representative of NSL on July 24, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

265.   Denied.

266.   It is admitted only that NSL's records reflect that NSL contacted Plaintiff Sanghavi and left a message for him on July 26, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

267.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi later spoke with a representative of NSL on July 26, 2017.  Defendants specifically deny the allegation that "Navient attempted to obstruct even Plaintiff Sanghavi's return call to the Customer Advocate." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

268.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi later spoke with a representative of NSL on July 26, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

269.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi later spoke with a representative of NSL on July 26, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

270.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi later spoke with a representative of NSL on July 26, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

271.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi later spoke with a representative of NSL on July 26, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied. Further responding, the allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

272.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi later spoke with a representative of NSL on July 26, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied. Further responding, the allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

273.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi later spoke with a representative of NSL on July 26, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

274.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

275.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

276.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

277.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

278.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

279.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

280.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

281.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

282.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

283.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed

denied. The allegations of this paragraph also purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

284.   The allegations of this paragraph also purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

285.   Denied.

286.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

287.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

288.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

289.   Denied.

290.   Denied.

291.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi called NSL on August 11, 2017.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

292.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi called NSL on August 11, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

293.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi called NSL on August 16, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

294.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

295.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

296.   Denied as stated. Rather, the intake line for the Office of the Customer Advocate ("OCA") closes at 5:00 p.m. Eastern on business days. However, OCA employees occasionally remain at work after 5:00 p.m. Eastern and have the ability to make and receive telephone calls directed to them during that time. Further

responding, NSL's regular customer service line is open until 9:00 p.m. Eastern, except on Fridays, where the line closes at 8:00 p.m. Eastern.

297.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are unlimited in time and scope, and therefore, they are deemed denied.

298.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

299.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi called NSL on August 23, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

300.   It is admitted only that NSL's records reflect that Plaintiff Sanghavi called NSL on August 23, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

301.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

302.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

303.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

304.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

305.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

306.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

307.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

308.   The allegations of this paragraph purport to summarize a writing which speaks for itself, and Defendants deny any inaccurate characterization thereof.

309.   Denied.

## As to "Count I: Common Law Fraud"

310.   Defendants incorporate by reference Paragraphs 1 through 309 above as though the same were set forth in full herein.

311.–316.   The allegations of these paragraphs consist of legal conclusions to which no response is required. To the extent these paragraphs are deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

## As to "Count II: Violation Of New Jersey Consumer Fraud Act"

317.   Defendants incorporate by reference Paragraphs 1 through 316 above as though the same were set forth in full herein.

318.–332.   The allegations of these paragraphs consist of legal conclusions to which no response is required. To the extent these paragraphs are deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

## As to "Count III: Breach Of Contract – Wrongful Payment Application"

333.   Defendants incorporate by reference Paragraphs 1 through 332 above as though the same were set forth in full herein.

334.   The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a further response, Defendants respond as follows: It is

admitted only that Plaintiffs are the borrowers of certain student loans serviced by NSL, and that the terms of these loans are set forth in certain promissory notes. Except as so admitted, Defendants deny the allegations of this paragraph.

335.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

336.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

337.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

338.–346.   The allegations of these paragraphs consist of legal conclusions to which no response is required. To the extent these paragraphs are deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

### As to "Count IV: Breach Of Contract – Wrongful Interest Capitalization"

347.   Defendants incorporate by reference Paragraphs 1 through 346 above as though the same were set forth in full herein.

348.   The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent this paragraph is deemed to contain factual allegations requiring a further response, Defendants respond as follows: It is admitted only that Plaintiffs are the borrowers of certain student loans serviced by

NSL, and that the terms of these loans are set forth in certain promissory notes. Except as so admitted, Defendants deny the allegations of this paragraph.

349.   The allegations of this paragraph purport to summarize writings which speak for themselves, and Defendants deny any inaccurate characterization thereof.

350.–354.   The allegations of these paragraphs consist of legal conclusions to which no response is required. To the extent these paragraphs are deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

## As to "Count V: Breach of Implied Covenant of Good Faith and Fair Dealing"

355.   Defendants incorporate by reference Paragraphs 1 through 354 above as though the same were set forth in full herein.

356.–358.   The allegations of these paragraphs consist of legal conclusions to which no response is required. To the extent these paragraphs are deemed to contain factual allegations requiring a further response, Defendants respond as follows: Denied.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiffs, together with an award of such other and further relief as this Court deems appropriate.

## As to "Demand for Trial by Jury"

The allegations of this paragraph do not require any response from Defendants.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to Plaintiff's Complaint:

### First Defense

The Complaint fails to set forth any claim upon which relief may be granted.

### Second Defense

Defendants are entitled to judgment in their favor to the extent that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Defense

Plaintiffs may have failed to mitigate their alleged damages, if any.

### Fourth Defense

Plaintiffs' claims may be barred in whole or in part by the doctrines of laches and/or estoppel.

### Fifth Defense

Plaintiffs' claims may be barred in whole or in part due to the application of *res judicata*, waiver, ratification, agreement, acquiescence, or consent to the alleged conduct of Defendants.

## Sixth Defense

Plaintiffs are barred from recovery to the extent that any damage sustained by Plaintiffs was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendants.

## Seventh Defense

Navient Corporation is not a proper party to this suit because it is not responsible for any of the conduct alleged in the Complaint, all of which was undertaken by NSL.

## Eighth Defense

Plaintiffs must pursue their claims in private binding arbitration to the extent mandated by the terms of any applicable arbitration agreements between Defendants and Plaintiffs.

## Ninth Defense

Defendants acted reasonably and in good faith at all times relevant to the claims asserted in the Complaint.

## Tenth Defense

Plaintiffs have failed to state a New Jersey Consumer Fraud Act claim to the extent they cannot establish any ascertainable loss.

**Eleventh Defense**

With respect to Plaintiff's demands for punitive damages, Defendants deny that Plaintiffs are entitled to punitive damages, and Defendants incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003).

**Twelfth Defense**

Plaintiffs' claims that sound in tort are barred by the gist of the action doctrine and/or the economic loss doctrine.

**Thirteenth Defense**

Defendants did not commit any intentional, willful, or malicious acts.

**Fourteenth Defense**

Defendants expressly reserve the right to supplement this Answer and to set forth additional Affirmative Defenses if and when additional facts become known.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiffs, together with an award of such other and further relief as this Court deems appropriate.

Dated:  March 26, 2018                STRADLEY RONON STEVENS &
                                      YOUNG, LLP
                                      A Pennsylvania Limited Liability Company

                          By:    /s/ *L. John Vassalotti, III*
                                 Eric M. Hurwitz (NJ ID 030681999)
                                 L. John Vassalotti, III (NJ ID 019972011)
                                 STRADLEY RONON STEVENS & YOUNG, LLP
                                 2005 Market Street, Suite 2600
                                 Philadelphia, PA 19103-7098
                                 Phone: (215) 564-8000
                                 Fax: (215) 564-8120
                                 jvassalotti@stradley.com