# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAULIK SANGHAVI AND MICHELLE ROBALINO-SANGHAVI,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC. AND SLM CORPORATION,**<br><br>**Defendants.** | Civ. No. 18-233 (KM) (CLW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on Defendants Navient Corporation and Navient Solutions, LLC[1] (together, "Navient") appeal of Magistrate Judge Waldor's January 22, 2019 decision granting Plaintiffs' Maulik Sanghavi and Michelle Robalino-Sanghavi's motion to compel certain written discovery requests (DE 51) pursuant to Fed. R. Civ. P. 72(a). Defendants' principal argument is that Plaintiffs' discovery requests are irrelevant and overly broad, and thus do not comply with Fed. R. Civ. P. 26.

For the reasons stated herein, I will affirm nearly all of Magistrate Judge Waldor's well-reasoned decision, while reversing and modifying it in limited respects.

---

[1] Defendants contend that Plaintiffs have incorrectly named Navient Solutions, Inc. f/k/a Sallie Mae, Inc. as a defendant, and that the proper entity is Navient Solutions, LLC

1

## I.     Background and Procedural History[2]

The complaint alleges Defendants, student loan servicers, engaged in business practices that inflated interest payments on Plaintiffs' loans. The complaint asserts five counts:

- Count I – Common Law Fraud
- Count II – Violation of New Jersey Consumer Fraud Act;
- Count III and IV – Breach of Contract regarding wrongful payment applications and wrongful interest capitalization in contravention of executed Master Promissory Notes; and
- Count V – Breach of Implied Covenant of Good Faith and Fair Dealing.

On July 18 2018, Plaintiffs provided Defendants with their first set of interrogatories and request for production of documents. Defendants responded to Plaintiffs' written discovery requests and as of February 5, 2019, provided Plaintiffs with over 2,500 pages of documents. (DE 51-1 at 5.) Defendants also objected to certain discovery requests that they believe are irrelevant, burdensome, or disproportionate to the needs of this case, and in violation of Fed. R. Civ. P. 26. (*See id.*)

In response, Plaintiffs filed a motion to compel on November 19, 2018. (DE 23.) Defendants subsequently filed a brief in opposition to Plaintiffs' motion to compel discovery and in support of their cross-motion to compel discovery.[3] (DE 27, 28.) On January 22, 2019, Magistrate Judge Waldor heard

---

[2] For ease of reference, certain key items will be abbreviated as follows:

"Appeal Br."     =     Defendants' Memorandum in Support of Re-Filed Appeal of Magistrate Judge Waldor's January 22, 2019 Decision on Plaintiffs' Motion to Compel [ECF no. 51-1]

"Opposition Br." =     Plaintiffs' letter brief in opposition to Defendants Appeal Br. [ECF no. 54]

[3] Defendants' cross-motion to compel has not been decided and is not the subject of this appeal. (*See* DE 51-1 at 5.)

2

oral argument on Plaintiffs' motion to compel and granted each of Plaintiffs' discovery requests, except for Document Request 10, which she denied without prejudice. (DE 35, Tr. at 30:19–23.)

Defendants now appeal Magistrate Judge Waldor's decision in connection with Interrogatories Nos. 1–5, 7–18, 20–22, and 24–25 and Requests for Production of Documents Nos. 1–10, 13–17, 19, 21, 23, and 25–29. (DE 51). Defendants have categorized the discovery requests that they appeal into the following topics, and my discussion follows suit:

Defendants' organizational structure (Section II.b, *infra*);

Discovery concerning other Navient borrowers (Section II.c);

Design of defendants' online systems and forms (Section II.d);

Compensation structure for certain employees (Section II.e);

Loan products offered by Defendants (Section II.f);

The Navient "Fact Sheet" (Section II.g);

Other discovery requests (Section II.h).

Plaintiffs filed an opposition letter brief asking the court to affirm Judge Waldor's decision,[4] (DE 54), and Defendants have filed a reply brief in further support of their appeal. (DE 56.) Defendants have also filed a subsequent letter brief asking for leave to amend their appeal to include Interrogatory No. 6 (DE 70), which Plaintiffs have opposed. (DE 72.)[5]

---

[4] While I acknowledge that Plaintiffs are *pro se*, Mr. Sanghavi is an attorney who should be familiar with this Court's local rules, which govern the length of brief. *See.* L. Civ. R. 7.2. Plaintiffs' letter brief clearly does not comply. Should Plaintiffs have felt the need to submit an overlength brief, they should have requested leave to do so. In the interests of judicial economy, I have accepted the briefs as-is.

[5] Defendants' request to amend their brief on appeal to include Interrogatory No. 6 is denied as unnecessary. The grounds overlap the other Interrogatories concerning other borrowers, and it presents no issue requiring additional briefing. (*See* Tr. of Hearing Before MJ Waldor, Nov. 12, 2019, DE 68 at 8:15–9:2.) Particularly in light of an apparent misunderstanding about the meaning of the interrogatory, I have excused the lapse and included Interrogatory No. 6 in the discussion. *See infra.*

## II. Discussion

### a. Standard of Review

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998*); Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotations omitted); *see Deluccia*, 2012 WL 909548, at *1 (same). Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual determinations. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

### b. Discovery related to Defendants' organizational structure (Interrogatories Nos. 1–2; Document Request Nos. 1–2, 26)

Interrogatories Nos. 1 and 2 and Document Request Nos. 1 and 2 seek information regarding Defendants' organizational structure. Defendants argue that such information is irrelevant to Plaintiffs' claims. (*See* Appeal Br. at 11–13.) Plaintiffs respond that such information will help them identify the proper defendants, as well as potential fact witnesses. The need for such information, they say, is heightened because Defendants have undergone an internal restructuring. (*See* Opposition Br. at 18–19; 40–41.) At oral argument, Judge Waldor acknowledged that the discovery requests were broad, but not unduly so. (*See* Tr. at 19:25–20:1.) The issues, too, she noted, were "unusually broad," and perhaps will "need to be refined," but she found that the Plaintiffs should at this point "be able to explore [their] case." (Tr. at 30:2–10.) I will affirm Judge

4

Waldor's decision on Interrogatories Nos. 1 and 2 and Document Requests 1 and 2, which is neither erroneous nor an abuse of discretion.

Plaintiffs also request in Document Request No. 26 that Defendants produce all agreements, including drafts, "related to the consummation of the 2014 corporate spinoff between Sallie Mae and Navient." Again, Defendants object to this request as irrelevant and disproportionate to the needs of the case, as well as confidential. (*See* Appeal Br. at 12–13.) Plaintiffs note that since 2003, Plaintiffs' loan documents have contained a plethora of different entities, including "Navient, Navient Corporation, Navient Solutions Inc., Sallie Mae, Sallie Mae Bank, Sallie Mae Servicing, and SLM Corporation." Any separation agreement between Sallie Mae and Navient, they suggest, would be likely to include covenants regarding the assumption of liabilities and indemnifications that could potentially require Plaintiffs to amend their pleadings. (*See* Opposition Br. at 60–61.)

Judge Waldor upheld Document Request 26. (*See* Tr. at 23:21.) As Plaintiff has argued, however, Defendants have gone through a fairly convoluted restructuring in 2014, and Plaintiffs are entitled to trace responsibility for the alleged activities for which they sue. I will therefore affirm this ruling, with the following modification: Only final agreements, not drafts, need be produced, with any necessary redactions subject to the confidentiality order signed by Judge Waldor on May 2, 2019. (DE 46).

### c. Discovery related to other Navient borrowers (Interrogatories Nos. 3–6, 13–14; Document Request Nos. 8–9)

Defendants also object to Interrogatories 3–5 and 13–14, as well as Document Requests 8–9. These discovery requests have the common feature of seeking information about Navient borrowers other than the Plaintiffs. Defendants argue that the answers and documents are irrelevant to this case, overly-burdensome to collect and produce, disproportionate to the case, highly confidential, and violative of federal confidentiality laws. (*See* Appeal Br. at 13.)

Specifically, Interrogatories 3 and 4 ask that Defendants explain the manner in which they "determine, calculate, and/or allocate loan payments

5

received from any borrower" and the way in which they "determine, calculate, and/or implement payment schedules for private and federal loans." Judge Waldor granted these requests. Defendants answered these interrogatories, but Plaintiffs' argue that their responses are incomplete and non-responsive. I do not find that Judge Waldor abused her discretion in permitting these interrogatories in full. Complete answers must be supplied; disputes about compliance may be submitted to Judge Waldor after counsel meet and confer.

I will also affirm Judge Waldor's decision permitting Interrogatory 5, which asks Defendants to explain certain defined terms. I agree that Defendants' response was grudging and direct the Defendants to define and explain each of the terms that Plaintiffs have identified in this discovery request. Disputes about compliance may be submitted to Judge Waldor after counsel meet and confer.

Interrogatory 6 is the basis of a subsequent dispute between the parties as referenced in letters submitted to the court. (*See* n. 5, *supra*; DE 70, 72; *see also* DE 68 at 15:6–18 ("We would have appealed it for the same reason that we appealed all of their requests involving things concerning other borrowers.").) Initially, there appears to have been a misunderstanding; Defendants took the word "complaints" in the interrogatory to refer to pleadings filed in court; plaintiffs have clarified that they mean complaints, in the more usual sense, that Navient customers have communicated to Defendants. (*See* DE 68 at 15:6–18.) On that basis, Defendants object.

At the November 12, 2019 hearing before Judge Waldor, the parties argued the relevancy of information pertaining to other borrowers, a category that would include Interrogatory No. 6. In response to a question from Judge Waldor, Mr. Sanghavi described the relevance as follows:

> MR. SANGHAVI: It helps to show that, number one, Navient is aware of this issue. Defendants are aware of this issue.
>
> THE COURT: Okay.
>
> MR. SANGHAVI: What steps they took to correct this issue, how quickly they responded to it, what policies and procedures they

6

> put in place. Or, whether they said, great. We're misallocating payments, too bad.
>
> And I think that goes directly to the heart of this case, which is the defendants have kind created this ecosystem to make it very differently [*sic*; difficult?] to find out answers about your loans. Once you do get someone on the line, it's very difficult to get a straight answer. We've demonstrated that.

(DE 68 at 20:15–21:5). Such information might or might not be admissible, but admissibility is not the test of discoverability. I see no error in Judge Waldor's decision to grant this request, limited to a seven-year time period as she specified.

Interrogatories 13–14 request for information regarding payment corrections made by Navient and formal complaints filed against Navient by various parties. During oral argument, Judge Waldor limited the time period to seven years so that Defendants would have "less of an onerous burden." (Tr. at 9:18–10:14.) Again, I see no error or abuse of discretion.

Document Requests 8 and 9 ask that Defendants produce documents that correspond to Interrogatories 13 and 14. Judge Waldor granted these requests and imposed a parallel seven-year limitation. I see no error or abuse of discretion in granting Document Requests 8 and 9, so limited.[6]

Defendants object generally that disclosure of other borrowers' information would violate the confidentiality provisions of the Gramm-Leach Bliley Act. (*See* Appeal Br. at 14–15.) Judge Waldor addressed this point at oral argument (*see* Tr. at 34:4–35:21); she responded to it by instructing Defendants to redact any confidential or personally identifying information. Defendants further argue that collecting and producing this information would be "wasteful" because much or all of it will not turn out to be admissible at trial. (*See* Appeal Br. at 17.) Judge Waldor also considered this point during oral argument and rejected it. (*See* Tr. 35:16–20 ("I'm not so sure where this --

---

[6] The burden of responding to Interrogatories 13 and 14 and Document Requests 8 and 9 should overlap, as it will probably require Defendants to locate and review the relevant documents in any case. (*See* Appeal Br. at 17.)

7

where that ends up, nor do I believe it would be admissible at trial. I'm not making that determination now. . . . We're just in discovery.").) The federal rule regarding the standard for the scope of discovery specifically states that the information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26. Again, I see no abuse of discretion or error in Judge Waldor's rulings; I will affirm Judge Waldor's decision on Interrogatories 3–5 and 13–14, as well as Document Requests 8–9.

### d. Discovery related to Defendants' online systems and forms (Interrogatories Nos. 7, 20–22; Document Request Nos. 6–7, 13–15)

Plaintiffs also request certain documents pertaining to Defendants' online websites and forms. Again, Defendants object to these discovery requests on the basis that the requests are irrelevant and disproportional to the needs of this case.

Specifically, Interrogatory 7 asks for Defendants to describe how their current payment application system or framework was developed and implemented. Interrogatories 20 and 22 ask why some features on Defendants' websites are located close to one another (such as the "unpaid interest" and "unpaid fees"), while others are separated or located on different websites altogether (such "messages" and "correspondence" from defendants). Finally, Interrogatory 21 seeks information on why Defendants communicate to borrowers potential changes to their loan terms through a generic form listing potential reasons for the changes, rather than simply providing borrowers with the specific reason for actual changes that were made to the loan terms.

Judge Waldor considered and rejected Defendants' arguments that these requests are too broad. (*See* Tr. at 13:3–6; 14:19–15:3.) Judge Waldor stressed that at this early point, Plaintiffs are entitled to receive answers to such questions to structure their case; she observed that "this is the first and best time to do it in the beginning so he can tailor depositions and we can get

through this."[7] (*Id.*) I do not find that Judge Waldor's decision in granting these early interrogatories was erroneous or an abuse of discretion, and thus affirm her decision on Interrogatories 7 and 20–22.

Document Requests 6 and 7 request the underlying computer code or application code for Defendants' payment application system and their Online portal system. Here, I agree with Defendants that the request is overbroad. The purpose of these discovery requests seems to be to explore the proposition that Defendants purposefully created a website that would confuse borrowers. That issue may be assessed from the borrowers' point of view. As for Defendants' intent, Plaintiffs have already requested that Defendants produce documents that are related to the process of the creation of their website, and they may draw such conclusions as they wish from the website itself. The production of reams of computer code, in my view, would not be justified in relation to the potential incremental benefit to the case. I will therefore reverse Judge Waldor's decision on Document Requests 6 and 7.

Document Requests 13 and 14 ask Defendants to produce all documents related to the process in creating the layout and design of Defendants' monthly billing statements and their website/online portal systems. Plaintiffs argue that this information is relevant because they allege that Defendants have purposefully designed their monthly billing statements and websites in a way that would confuse and mislead borrowers. Again, Judge Waldor granted these discovery requests, and I do not find that she abused her discretion in doing so. Thus, I will affirm Judge Waldor's decision on Document Requests 13 and 14.

Finally, Document Request 15 requests that Defendants produce all schedules, guides, prompts, or other materials that are given to Defendants' customer service, call center, and Customer Advocate employees in order to

---

[7] Although Judge Waldor was specifically referring to Interrogatories 20 and 21, her reasoning applies equally to discovery requests concerning Defendants' online systems and forms in general, which also include Interrogatories 7 and 22.

9

guide them on how to respond to borrowers' inquiries or complaints. Again, Judge Waldor granted this request, with the caveat that it should be narrowed to a seven-year time period. The relevance is obvious. I do not find that Judge Waldor erred or abused her discretion in granting this request, and I will affirm her decision request Document Request 15.

To summarize this section, I will affirm Judge Waldor's decision on Interrogatories 7 and 20–22 and Document Request 13–15, and will reverse her decision on Document Requests 6 and 7.

### e. Discovery related to compensation structure of certain of Defendants' employees (Interrogatories Nos. 15–18; Document Request No. 10)

Interrogatories 15–18 pertain to the compensation structures for various Navient employees, such as customer service representatives, reviewers of loan applications, reviewers of applications to release cosigners, and executives who deal with loan acquisitions and disbursements and loan programs. Defendants object to these discovery requests as overly broad and unduly burdensome, irrelevant to the issues presented in this case, disproportionate to the needs of this case, and likely to require disclosure of confidential and proprietary information. (*See* Opposition Br. at 34.)

Judge Waldor considered these discovery requests during oral argument. The intent behind these questions, she perceived, was to ascertain whether Navient employees are incentivized to benefit the company at the expense of their borrowers. She listened to Defendants' objections to these interrogatories and, as a practical matter, gave some guidance as to what would constitute compliance: If, she said, the Defendants "answer general questions about payment structure, then [they] don't have to necessarily go into the weeds on those that are not incentivized by a short haul or a bigger payment." (Tr. at 11:16–19.) She also limited Defendants' response to a time period from 2003 – present and instructed Defendants to answer whether any of the Navient employees mentioned in the Interrogatories are paid in any incentive-based manner. Again, I find that Judge Waldor conscientiously weighed both parties'

10

positions and took steps to reduce the burden of compliance. She did not err or abuse her discretion, and I affirm her decision regarding Interrogatories 15–18.

Document Request 10 asks that Defendants produce their payroll records and documents that concern or reflect compensation structures for the employees mentioned in Interrogatories 15–18. Judge Waldor denied this document request without prejudice. She would, she said, hold this document request in abeyance subject to how Defendants answer Interrogatories 15–18. I will affirm Judge Waldor's decision to table this discovery request at this time; the answers to the interrogatories might well clarify the situation, moot the need for document discovery, or at least suggest how it could be structured and narrowed.

### f. Discovery related to Defendants' loan products (Interrogatory No. 25)

Plaintiffs also request a list of all loan products offered by Defendants since January 1, 2003. Defendants object to this request, arguing that such information is irrelevant given that this case is about Plaintiffs' loans and not other loan products NSL may have offered in the past or currently offer that do not relate to Plaintiffs' loans. (*See* Appeal Br. at 22.) Plaintiffs argue that this information will allow them to understand the various financial instruments Defendants use to attract potential borrowers within the student loan lending and servicing market. (*See* Opposition Br. at 39.)

Judge Waldor granted this request, and I find no reason to reverse her decision. Compliance with this request for a list does not seem onerous. As Judge Waldor noted during the oral argument, at this stage of litigation, Plaintiffs are still exploring and assembling their case. I see no error or abuse of discretion in Judge Waldor's ruling and will affirm it.

### g. Discovery related to the "Navient Fact Sheet" (Document Request No. 25)

Plaintiffs request that Defendants produce all drafts, memoranda, notes, and related communications related to a document called the "Navient Fact Sheet" that was posted on Navient's website on October 19, 2017. This

11

document was drafted and published by Defendants in response to lawsuits that were filed against them by several state attorneys general. Defendants object that the request is overly broad and unduly burdensome, seeks irrelevant information, and would infringe the attorney-client privilege. Plaintiffs argue that this Fact Sheet is relevant because the allegations raised in those lawsuits are parallel to the allegations that Plaintiffs raise here.

At oral argument, Judge Waldor heard Plaintiffs' reasons for seeking the production of the Fact Sheet. Plaintiffs noted that the Fact Sheet referred to 123 different complaints, and expressed a reasonable desire to know what was "driving those data points." Plaintiffs conceded that they were not seeking and were not entitled to privileged information. Judge Waldor upheld Document Request 25 should be produced, and I understand her ruling to be subject to legitimate claims of attorney-client privilege. I find no error or abuse of discretion in Judge Waldor's ruling regarding Document Request 25, and will affirm it.

### h. Other discovery responses (Interrogatories Nos. 8–12, 22, 24; Document Request Nos. 3–5, 16–17, 19, 21, 23, 25, 27–29)

Defendants also seek reversal of Magistrate Judge Waldor's decision on Interrogatories 8–12, 22, 24 and Document Request 3–5, 16–17, 19, 21, 23, 25, 27–29. (*See* Appeal Br. at 23–24.) It is unclear exactly what Defendants are asking for here—they do not seem to object to the requests themselves, but state that they have already complied by providing "full and complete answers" to them. Judge Waldor, they say, "overlooked those answers in her decision." (*Id.*) I will interpret these as objections to Judge Waldor's ruling insofar as she found the responses inadequate and compelled supplemental responses.

With respect to Interrogatories 8–12, Judge Waldor found that Defendants' responses did not fully answer the questions. For example, regarding Interrogatory 10, she found that Defendants' response was "nonresponsive or . . . incomplete . . ." (Tr. at 9:4–6.) She also acknowledged that if there is no material responsive to the interrogatory, Defendants should simply respond that "nothing exists, which is easier than the small paragraph

12

of [Defendants'] have no duty or obligation. If it doesn't exist, it doesn't exist." (Tr. at 9:11–14.) Thus, I do not find that Judge Waldor abused her discretion in granting Interrogatories 8–12, and instruct Defendants to respond to these discovery requests consistent with Judge Waldor's decision during oral argument.

Judge Waldor also instructed Defendants to answer Interrogatory 24. Defendants do not provide any support for their argument that Judge Waldor "overlooked" the response they had already provided, and I see none in the transcript. I will affirm Judge Waldor's decision as to Interrogatory 24.

Regarding Document Requests 3–5, Judge Waldor clearly considered the deficiencies in Defendants' responses during oral argument and instructed Defendants to comply with these discovery requests and produce any outstanding documents. (*See* Tr. at 20:2–23.) Thus, I do not find that Judge Waldor "overlooked" Defendants document production thus far, nor did she abuse her discretion in granting further enforcement of these discovery requests.

With respect to Document Requests 16–17, 19, and 21, I again find no reason to find that Judge Waldor abused her discretion, and I find no support for the argument that she overlooked the documents that Defendants had (or had not) provided thus far. As a result, I will affirm Judge Waldor's decision as to Document Requests 16–17, 19 and 21.

Regarding Document Requests 23 and 27–29, Judge Waldor did not rule, for the simple reason that Plaintiffs did not include them in their Motion to Compel. (*See* DE 23.) Thus, they will not be considered as part of this appeal.

Finally, regarding Interrogatory 22 and Document Request 25, I have already explained my reasons for affirming Judge Waldor's decision in Section II.d and II.f, *supra.*

### III.   Conclusion

For the foregoing reasons, I will affirm Magistrate Judge Waldor's decision on Interrogatories Nos. 1–18, 20–22, 24 and 25 and Document Request Nos. 1, 2, 3–5, 8–9, 10, 13–15, 16–17, 19, 21, and 25. Document Request Nos. 23 and 27–29 are not considered as part of this appeal as they were not included in Plaintiffs' Motion to Compel or Judge Waldor's ruling. I will also affirm Judge Waldor's decision on Document Request No. 26, subject to the modifications stated in this Opinion. Finally, I will reverse Judge Waldor's decision on Document Request Nos. 6–7.

An appropriate order follows.

Dated: May 22, 2020

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**